# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELDON N. WATSON, III, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-212 |
| | ) | |
| v. | ) | Magistrate Judge Caiazza |
| | ) | |
| DR. LAWRENCE CONNELLY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Plaintiff's Motion in Limine to preclude the introduction of certain "Standard Teaching Applications" (Doc. 63) will be denied.

In this age discrimination lawsuit, the Plaintiff complains of the Defendants' failure to hire him for any of the six full time elementary teaching positions available for the school year 2002/2003. *See* Pl.'s Br. (Doc. 64) at 2. Although the admissibility of Mr. Watson's concurrent application (dated March 12, 2002) is not in question, counsel argues that the Plaintiff's prior applications are not relevant and should be excluded. *See id.* at 3-4.

In response, the Defendants explain that Mr. Watson's prior applications reflected different grade point averages ("GPAs") under his educational background. *See* Defs.' Br. (Doc. 65) at 2. For his matriculation at Geneva College, the Plaintiff's 2002 application listed a GPA of 2.7, his 1999 application reflected

2.71, and an undated application identified a GPA of 2.9; for Westminster College, the Plaintiff's 1999 and 2002 applications stated a GPA of 4.0, and the undated application listed 3.5. *Id.* While the Defendants concede they did not review or rely on the prior applications in declining to hire the Plaintiff for the 2002/2003 school year, *see id.* at 1, counsel argue the evidence is relevant under Federal Rule of Evidence 608(b)(1). *Id.* at 2-3.

That Rule states:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime . . ., may not be proved by extrinsic evidence. <u>They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness . . . concerning [his] character for truthfulness or untruthfulness</u> . . . .

*Id.* (emphasis added).

Numerous courts have held that a witness' provision of inaccurate information on a job application is probative of truthfulness under Rule 608(b)(1). *See, e.g.*, <u>Schmidt v. Medicalodges, Inc.</u>, -- F. Supp.2d --, 2007 WL 3333356, *3 (D. Kan. Nov. 8, 2007) (allowing cross-examination of witness, and admission of evidence establishing misrepresentation, regarding false statements on employment application; truthfulness of witness, called by plaintiff to support her

allegations of sexual harassment, "was a material issue in [the] case") (collecting cases); Davidson Pipe Co. v. Laventhol & Horwath, 120 F.R.D. 455, 462-63 (S.D.N.Y. 1988) ("employment applications . . . carry an obligation for truthfulness, [and] falsehoods . . . may be probative of a lack of credibility") (citation omitted). The only question, then, is whether the court in its discretion should allow the evidence. *See* Fed. R. Evid. 608(b)(1).

In this regard, the court considers whether the evidence is remote in time, whether it is cumulative of other evidence, whether there is some likelihood that the untruthfulness occurred,[1] whether the deceptive acts demonstrate a propensity for deception where there is a premium on veracity, and the relationship between the subject matter of the prior deceptive act and the litigation.[2] The parties have not addressed these factors, so the court reaches them independently.

Remoteness

The undersigned has no reason to exclude the evidence based on temporal proximity. Only three years passed between the 1999 and 2002 applications, and there is no reason to suspect the undated application far preceded the one in 2002.

---

[1] *See* 33A Fed. Proc., L. Ed. § 80:159 (Nov. 2007).

[2] *See* Davidson, 120 F.R.D. at 462-63.

*See* discussion *supra*; *see also* <u>Davidson</u>, 120 F.R.D. at 463 (indicating thirty-year old misrepresentation would be too remote, but five-year gap would not) (citation and internal quotations omitted). The remoteness inquiry also is informed by the fact that applications for each school year logically would be submitted only on an annual basis.

<u>Cumulativeness</u>

There is no suggestion, or reason to believe, that the evidence is cumulative.

<u>Likelihood that an Untruthfulness Occurred</u>

This factor is supported by both the Defendants' briefing and Mr. Watson's desire to preclude the evidence. The court has no basis for questioning that different GPAs were supplied in the applications.

<u>Propensity for Deception Under Circumstances Warranting Veracity</u>

In allowing evidence regarding potential falsehoods on employment applications, other courts have recognized both the propensity for deception and the need for veracity in this context. *See* discussions *supra*.

### The Relationship Between the Prior Deceptive Act and this Litigation

As Plaintiff's counsel acknowledges, the Defendants' proffered non-discriminatory reasons for rejecting Mr. Watson's 2002 application addressed both his undergraduate grades and the veracity of his responses during the interview process. *See* Pl.'s Br. at 3 (Defendants relied on Plaintiff's "response[s] to interview questions" and his degree of "interest in a full-time position"). More generally, Mr. Watson's truthfulness goes to the heart of his claims of age discrimination. *See id.*; *see also* Schmidt, 2007 WL 3333356 at *3 (truthfulness of witness called by plaintiff to support allegations of sexual harassment "was a material issue in [the] case")

In sum, all of the above inquiries support this court's allowance of the applications under Rule 608(b)(1). The court also concludes that the probative value of the evidence outweighs any potential prejudice to the Plaintiff. *Cf.* Pl.'s Br. at 2 (citing Fed. R. Evid. 403 in passing, but failing to argue or show exclusion is warranted).

Accordingly, the court will allow the Defendants to introduce Mr. Watson's applications for the purposes of his cross-examination. *See* Fed. R Evid. 608(b)(1). Admission of the applications does not run afoul of the "extrinsic evidence" rule, moreover, because they were made at the hands of Mr. Watson himself, as opposed to some other witness. Carter v. Hewitt,

617 F.2d 961, 969-70 (3d Cir. 1980) ("extrinsic evidence" relates to information "obtained from a witness other than the one whose credibility is under attack"; when evidence is obtained from witness himself "the [R]ule's core concerns are not implicated"); *accord* Mills v. State, 681 So.2d 878, 879 (Fla. App. 1996) (citing and quoting Carter to conclude that "extrinsic evidence" means "evidence that necessitates . . . another witness be[ing] called for its introduction"); *see also* Keene v. Sears, Roebuck & Co., Inc., 2007 WL 2572366, *4 (D. N.J. Sept. 4, 2007) (Rule 608(b) "does not prohibit questioning a witness about acts or events that may be memorialized in extrinsic evidence"; "[t]o the extent that the witness acknowledges or concedes the facts about which they are being questioned, [Rule] 608(b) is not implicated because the extrinsic evidence is not being used to impeach the witness").[3]

Consistent with the foregoing, the Plaintiff's Motion in Limine (**Doc. 63**) is **DENIED**.

---

[3] Nowhere in his brief does the Plaintiff state or imply the applications were done at the hands of any other person. *See generally* Pl.'s Br. Rather, his Motion specifically contemplates the exclusion of "[a]ny teaching application submitted by [the P]laintiff for a position other than" the ones available in 2002/2003. *Compare id.* (emphasis added) at 3 *with* Carter, 617 F.2d at 970 ("an even more significant reason for finding no violation of the extrinsic evidence rule" was witness' failure to "deny having written the letter").

IT IS SO ORDERED.

January 2, 2008

cc:

Brian Samuel Malkin, Esq.
David A. Young, Esq.
Christina L. Lane, Esq.
John W. Smart, Esq.
Todd P. Prugar, Esq.

*Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge